Judge Owsley
delivered the opinion of the court.
This action was brought by Day, as the assignee of Edward Edrington, upon a bond given by Clarke for the payment of 11354 00 5, Virginia currency, equal to $4513 40 cents, Kentucky currency.
Clarke having departed this life, and the suit being revived agáinst his administrator, he pleaded fouí several pleas, but the second being demurred to, was adjudged insufficient, and issues in fact being taken to the other three, verdict arid judgment were obtained in favor of the administrator.
From that judgment Day has appealed to this court, and has assigned for error— .
1st. The pleas 3 and 4 aré uncertain and insufficient.
2d. The said pleas are each improperly pleaded in bar, instead of by way of discount;
3d. The court erred in withholding the instructions asked, as in the bill of exceptions stated.
By tbe third plea, the administrator alledges, that Day- *522 “his action ought not to have and maintain, because ⅛ saJs that Day was indebted to the intestate in his life-time, before and at the commencement of this suit, in the sum of 1161 2 4j, with interest from the day of in the year of for the like sum received by said Day, to the use and benefit of the intestate before that time, which sum,” the administrate* avers, “is still due,” and which he pleads, in addition to the sum the intestate, in his life-time, paid Day, (as by endorsements on the writing declared on shew,) in bar of the action — and concludes with a verification, &c.
i' , {'string to a fact, which Cue record, ⅛ substantialiy good without specialty reciting ixct"
,.p added’to'for-nier menis, dis-mandáis pro-perlypleaded jnbar.andnot 0^-wa^0
*522 By the 4th plea, he says, Day, “his action ought not to have and maintain, because, he says, that on the 18th of July, 1800, at Fredericksburgh, to Wit, in the circuit aforesaid, it was agreed by and between the said Day and the intestate Clarke, that Clarke should delivér Over tó Day a certain bond which Clarke held on one James M’Donald of Virginia, for the payment to said Clarke of 1161 2 4), Virginia currency, which sum was then due, and owing by said M’Donald to Clarke, and that Day should receive said bond for collection, and when collected, the amount collected thereon he should credit on the obligation sued on, and says (hat said Clarke did then and there, for the purposte aforesaid, and in execution of the agreement on his part, deliver over to said Day the obligation on M’Donald aforesaid, and says the said Day did afterwards, to wit,, on the. day of collect, the amount due on said bond, to vyit, the sum of which said Day never credited upon the obligation sued oli;” which sum he pleads,- in addition to the sums which the said Glarke paid Day, as by endorsements in the obligation sued on shew,, in bar of the action and by way of set off, and after praying judgment for the balance, con-eludes with'a verification, &c.
It is contended that each of those pleas, in not averring specifically the amount of payments made by Clarke, are but the failure to charge the amount, though not formally, we apprehend is substantially, supplied by the en-dOfsements referred to in the pleas, and which, by other jig-⅛- ef the pleadings, are made part of the récord of this * . x ° ’ 1
. , ⅜ • , Alia as those payments, in connection with the 2161 2 menlioned in the pleas, exceed the sum stipulated for in ^le h°nd upon which this suit is founded, they plainly im-sufficient matter of defence, and, consequently, must *523 Save been regularly pleaded in bar of the action.
J3ibb for plaintiff, Hardin for defendant in error.
A bond on * stranger, o'f ^ creditor for collection, sumedaspaki «utas it is re turned or of reasonable, time,
And with respect to the decision of the court, contained in the bill ot exceptions, no error is perceived.
By the exceptions, it appears, that after the defendant tad proven the receipt, bv Day, of the bond on M’Donaid, as alledged in his fourth plea, the court, on Day’s motion, refused to instruct the jury, that the fourth plea could not be supported, unless the defendant proved the amount of the note on M’Donaid had been collected by Day.
If the decision were understood to dispense with any evidence whatever of the receipt of the money from M’Don-aid, we should have no doubt the court erred; but, by the instructions asked for, we apprehend, it was intended by the counsel of Day, and so understood by the court, to obtain a decision, requiring other evidence of the collection of the money by Day, than that resulting from the fact of bishaving, about thirteen years before the commencement of this action, received the note, and failing either to return or offer to return it to Clarke or his administrator, and as we suppose, the jury might, from those circumstances, have presumed the receipt of the money by Day, it cannot have been improper to refuse fo instruct the jury, as required by the counsel of Day.
1 The judgment must, therefore, be affirmed with cost and damages.